[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Jose Rodriguez, brings this action against the defendants, MacGall Associates Limited Partnership, MacGall, Inc., and Palmer Property Management, Inc., as owners of the premises located at 51 Seyms Street in Hartford where plaintiff alleges that he was injured when he slipped and fell on January 3, 1999, because the defendants were negligent in that they failed to maintain the premises and clear it of ice and snow. The defendants filed this motion for summary judgment on December 20, 2001, on the ground that no genuine issue of material fact exists and it is entitled to judgment as a matter of law because the plaintiff's fall occurred during a storm.
There appears to be a material question of fact as to whether the accident resulted from the ongoing storm or because of pre-existing snow and ice. The plaintiff's complaint that the plaintiff's injuries resulted from ice and snow on the premises but does not specifically allege whether this was the result of the ongoing storm or whether it was a CT Page 3718 pre-existing condition that the defendant had a duty to clear. The defendants argue that the plaintiff fell during a storm and that they did not have a duty to remove the snow or ice until after the storm, citingKraus v. Newton, 211 Conn. 191, 197-98, (1989), which held that "in the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." The defendants buttress their argument by claiming that the plaintiff's deposition testimony reveals that the injury occurred during an ongoing storm; but that testimony is not decisive. The plaintiff maintains that the injuries resulted from slipping on pre-existing ice and snow and attaches climatological data attesting to precipitation leading up to and on January 3, 1999; as well as his affidavit attesting that he fell as a result of pre-existing frozen snow. Accordingly, there is a genuine issue of material fact as to whether the plaintiff's injuries resulted from the ongoing storm or because of pre-existing snow and ice.
Motion for summary judgment denied.
Wagner J., JTR